UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLYNDA HOLCOMB,
        Plaintiff,

v.   Case No: 6:23-cv-1571

CENTRAL FLORIDA REGIONAL TRANSIT
AUTHORITY and CENTRAL FLORIDA
COMMUTER RAIL COMMISSION,
        Defendants.
_____

## MEMORANDUM

**TO:**   JUDGE PRICE

**FROM:**   GLYNDA HOLCOMB

**RE:**   MOTION FOR DEFAULT

**DATE:**   OCTOBER 30, 2023

### QUESTION:

How long do private citizens and public commuters have to wait for respondents to deny, supportively refute, or be held accountable for clear and manifest injustice via Lynx and Sunrail daily operations?

### BRIEF ANSWER:

Rule 3.01 Respondents must respond with 14 days to service of motion(s). Neither of the defendants have acted in accordance with the law, local rules, or court proceedings.

### STATEMENT OF FACTS SUPPORTING ANSWER:

All parities, not just Plaintiffs (e.g., represented or not), are subject to the rules, laws, regulations, and local rules for Court. Large companies, corporations, or local entities are not excempt from rules, laws, and policies regardless of their status within the State, County, or locale. Special treatment should not be allowed and transparency is necessary to ensure justice.

## DISCUSSION:

Section 37.3 DOT ADA 49 CFR Rule 1.10 dictates process for default judgment According to Fla. R. Civ. P. 1500, defendants failed to respond and failed to file any papers by the State of Florida deadline(s).

## CONCLUSION:

Plaintiff experienced a number of violations while following internal and external grievance guidelines. Plaintiff did not subject any operator or staff to harm of any kind. Plaintiff never disrupted routes nor did Plaintiff seek to disrupt routes. Staff—including management—should never have disclosed complainant's identities to operators. This facilitated retaliation, violence, and allowed for discrimination aboard both buses and train(s).

*Glynda Holcomb*